## GERMAN vs. MACHIN.

Where the testator devised a part of his real estate to his descendants, charged with the payment of an annuity to his widow, and devised and bequeathed the residue of his estate to her during her widowhood, with power to sell the same for the payment of debts or for her own use during widowhood; Held, that as there were no debts requiring the sale of the real estate devised to the widow, she was only authorized to sell the reversionary interest therein for her own support in case the income thereof, and her annuity, should be found insufficient for that purpose.

To entitle a party to a specific performance of an agreement for the sale of real estate, the contract must be certain in its terms and mutual in its character.

The rule of the court of chancery that parol contracts for the sale of real estate are taken out of the statute of frauds by a part performance of the parol agreement, ought not to be extended to new cases which do not come clearly within the equitable principles of the previous decisions on that subject.

Where a bill in chancery is filed for the partition of lands of which the complainant is a tenant in common of the legal title, the defendant may set up in his answer, as a defence to the suit, an equitable title in himself to the whole premises.

But where the defendant in a partition suit, in addition to the defence of the suit and a dismissal of the complainant's bill for partition, wishes for affirmative relief on his part, by a decree for a transfer to him of the legal title to that part of the premises which is vested in the complainant, he must file a cross bill, and must also set up the same matter in his answer as a defence to the original bill of the complainant.

The provisions of the revised statutes do not authorize a submission to arbitrators of a claim in fee to real estate, under an alleged agreement by parol to sell and convey such estate.

1837.

German
v.
Machin,

The possession of one tenant in common is prima facie the possession of the other. And if the defendant in a partition suit wishes to avail himself of the defence that the premises were held adversely to the complainant at the time of the filing of the bill for partition, the answer must contain a distinct allegation of the fact.

Where exceptions to an answer for impertinence were unnecessarily prolix in setting out the matter excepted to at length in the exceptions, the chancellor refused to allow the complainant her costs of the reference, although she succeeded as to all the exceptions referred.

January 23.

THIS case came before the court upon exceptions to a master's report, upon exceptions to the defendant's answer for impertinence. The bill was filed to obtain partition of lands in which the legal estate was in the parties in equal proportions, as tenants in common of a reversion in fee after the death of their mother, who died a short time previous to the filing of the bill. Most of the exceptions depended upon the validity of the defence set up in the answer of the defendant, in which he claimed the equitable title to the whole premises under a parol agreement with his mother in her lifetime, and in pursuance, as he alleged, of a power contained in the will of his father, under whom both parties derived their legal title to the premises. The master decided that a defendant in a partition suit in this court, who admitted the legal title to be in the parties as tenants in common as stated in the bill, could not in his answer set up an equitable title to the whole premises as a defence to the suit; but that he must resort to a cross bill. He therefore allowed all of the exceptions to the answer, and the defendant took three exceptions to the report, embracing in three separate classes the whole of the exceptions allowed by the master.

*J. Rhoades,* for the complainant.

*M. T. Reynolds,* for the defendant.

THE CHANCELLOR. The first exception for impertinence covers a part of the answer which sets out a parol agreement between the parties to submit the controversy be-

tween them in relation to the lands in question to an arbi-
trator for his decision thereon. I do not understand this
submission as stated in the answer to be a submission to the
arbitrator to make a partition of the premises according
to their legal rights ; but a submission of the claim of the
defendant to the whole premises under the alleged agree-
ment with their mother, which appears to be the whole sub-
ject of controversy between these parties. The submission
of such a controversy, therefore, was one not allowed by
the provisions of the revised statutes, as it was a submission
of a claim of the defendant to the whole of the premises
in fee ; and it would not have been binding upon either
party even if it had been in writing. The defendant's
counsel supposes that the statement of this submission, and
of the revocation of it, is material, on the ground that it
might have an influence upon the court in deciding the ques-
tion as to the general costs in the cause. If I am right,
however, in supposing this was a subject which could not
be legally submitted to an arbitrator by parol, a refusal to
proceed on such a submission would furnish no reasonable
ground for giving or withholding costs in a case where the
costs rested wholly in discretion. This, however, is a suit
for partition founded upon a legal title, and if the com-
plainant succeeds in her claim to the whole of the undivided
moiety of the premises, the costs must be apportioned be-
tween the parties according to their respective interests in
the premises, except such costs as may be occasioned by
the defendant's unfounded claim to an equitable title to the
whole land. This exception to the answer was therefore
well taken, and the first exception to the master's report
must be overruled.

The master was wrong in supposing that a defendant in
a partition suit in this court could not set up in his answer,
as a defence to the suit, the fact that he was in equity enti-
tled to the whole premises of which partition was sought
by the bill. The defendant must unquestionably proceed
by cross bill, if, in addition to the denial of a decree for par-
tition and a dismissal of the bill, he seeks full and affirm-

1837.

German
v.
Machin.

ative relief on his part, by a decree, for a transfer to him of the legal title to the whole premises; or if a discovery is necessary to establish his equitable defence. (*Mitf. on Pl. 3d Am. ed.* 81.) Even if a cross bill was necessary to enable the defendant to have the benefit of an equitable defence, it does not follow that this part of the answer is impertinent on that ground. It could not appear, upon the reference of these exceptions, that the defendant had not filed, or might not hereafter file, such a cross bill in aid of his defence. And where the new facts stated in the cross bill constitute the grounds for an equitable defence to the original suit, as well as for further and affirmative relief against the defendants in the cross bill, it is proper to state such facts in the answer to the original bill, if the same are known to the defendant at the time of putting in such answer. It becomes necessary, therefore, in this case, that I should examine the question whether the facts referred to in the second class of exceptions as impertinent would, if established by proof or admitted to be true, constitute an equitable defence to the complainant's claim for partition.

The answer sets out the will of T. Machin, the father of these parties, under whom they both claim; by which it appears that the testator, after devising a part of his real estate to his children and grand children charged with the payment of certain annual sums to his wife, gave and bequeathed all the remainder of his real and personal estate, including the premises in question, to his wife during her widowhood, with power to sell the whole or any part thereof for the discharge of lawful demands against the estate, or for her own use so long as she remained his widow; that the wife of the testator afterwards died a widow, at the advanced age of seventy-two, having lived about seventeen years with the defendant and been supported by him; and that for several years before her death her expenses had been about two hundred dollars a year. The defendant also sets up a parol agreement or understanding between him and his mother, made several years previous to her death, and while she was so living with him, by which he says it was understood and agreed that he should have

1837.

German
v.
Machin.

the premises in question in part compensation for her support and maintenance; in pursuance of which agreement and understanding he took and retained the possession of the premises until her death, &c. But nothing is said in the answer as to the amount of the real and personal estate to which the widow was entitled under the will, or whether the interest and income thereof was or was not sufficient, in addition to the annuities charged upon the other real estate, to have supported her for life, without a sale of the reversion in these premises after the death or re-marriage of his mother; even if there had been an express agreement in writing to convey the reversion under the power of sale contained in the will, so as to take the case out of the statute of frauds.

Another valid objection to the defence set up by the answer is that there is no price stated at which it was agreed the defendant should have the premises; neither is it alleged that he agreed to maintain his mother for life or for any other particular period, in consideration that she would or did agree to convey the whole premises to him, in fee, under the power of sale contained in the will. The fair inference therefore is, from the defendant's own statement of the case in his answer, that his mother only intended he should have the property during the continuance of her life estate therein, as a compensation, in part, for her support and maintenance while she continued to live in his family; and that there never was any agreement to sell and convey to him, his own and his sister's reversionary interests in the premises after her mother's death, even if the power contained in the will authorized such a sale of the reversion, which is at least a matter of doubt. To entitle a party to a specific performance, the agreement which is sought to be thus enforced must not only be certain in its terms, but there must be mutuality in its character; both of which requisites appear to be wanting here. (*See Colson* v. *Thompson*, 2 *Wheat. Rep.* 336. *Reynolds* v. *Waring, Young's Rep.* 346. *Newnan* v. *Carroll*, 3 *Yerg. Rep.* 18. *Boucher* v. *Vanbuskirk*, 2 *A. K. Marsh. Rep.* 346.) As the widow was entitled to the premises for life, or during her widow-

hood, the delivery of the possession to the defendant, and his continuance in possession till her death, in 1835, may very reasonably be accounted for, without supposing that there was any agreement for the sale of the reversion. And it is not alleged in the answer that any beneficial and lasting improvements were made upon the premises which a tenant for life would not be likely to make on property thus situated. The mere possession of the defendant during the continuance of his mother's life estate was not therefore such a part performance of an agreement to sell the reversion, under the power contained in the will, as would take the case out of the statute of frauds if a parol agreement for such a sale was in fact made. The beneficial provisions of the statute of frauds have been sufficiently broken in upon already; and the doctrine of part performance should not be extended to new cases which do not come clearly within the equitable principles of previous decisions. The allegations in this part of the defendant's answer furnish no legal or equitable defence to the complainant's suit for partition of the premises, and are therefore irrelevant and impertinent. The possession of one tenant in common is the possession of the other, unless there has been an ouster. If the defendant wishes to avail himself of such a defence, the answer should contain a distinct averment of the fact, as an adverse holding will not be presumed from the mere circumstance of the defendant's being in possession. The defendant having entered with the assent of the tenant for life, his holding over is not necessarily adverse to his co-tenant in the reversion. Besides the answer admits that the complainant is seized as tenant in common of the premises with him, and that was sufficient in this case. (*See Jenkins* v. *Van Schaick*, 3 *Paige's Rep.* 242.)

The second exception, however, was bad in form, and should have been disallowed by the master; because it was impossible to allow it as a separate exception, and to have that part of the answer to which it refers stricken out, without an unnecessary mutilation of the answer, by rendering that part which is embraced in the third and fourth exceptions entirely senseless and unmeaning. (*Franklin* v. *Keel-*

er, 4 *Paige's Rep.* 382.) And if there had been a separate exception to the master's report on account of the allowance of the second exception to the answer, that part of the report must have been overruled. The same remark is applicable to the twelfth exception to the answer; the allowance of which as a separate exception might have mutilated the answer in the same manner, by rendering the two next clauses thereof senseless and unmeaning. The matter of the thirteenth exception is impertinent and may be stricken out without mutilating the answer; and as there is but one exception to that part of the report which allows the twelfth and thirteenth exceptions, that exception, as well as the second exception to the report, must be overruled.

All the exceptions to the answer were in themselves impertinent, or more properly, unnecessarily prolix, in setting out the impertinent matter of the answer at length instead of refering to it by line and page; and thereby these exceptions, which might have been embraced in two or three folios at most, are extended to fifteen or twenty folios. The complainant's solicitor was also wrong in taking separate and distinct exceptions where the subject matter of each exception depended on the same principle, and might have been embraced in a single exception. And as thirteen distinct exceptions were taken to this answer when three only were necessary, I shall, in accordance with the intimation contained in the case of *Franklin* v. *Keeler*, before referred to, refuse to allow any costs upon the reference of the exceptions; and the exceptions themselves are not to be taxed at more than three folios. But as the defendant has unnecessarily brought the master's report before the court for review, and has failed in all his exceptions to the same, the complainant is entitled to her costs upon the argument of those exceptions here.