BRONSON (BOKER v.). See Cases Nos. 1,-605 and 1,606.

## Case No. 1,926.

### BRONSON et al. v. CAHILL.

[4 McLean, 19.][1]

Circuit Court, D. Michigan. June Term, 1845.

SPECIFIC PERFORMANCE—REQUISITES OF CONTRACT DEED—SUFFICIENCY — VENDOR AND PURCHASER —EXECUTION OF CONTRACT.

1. Chancery will decree a specific execution of a contract, equally in behalf of the vendor as in behalf of the vendee.

2. But to carry into effect a contract, there must be mutuality.

3. Where only a part of the vendors were bound for a title, there is a want of mutuality, and a specific execution will not be decreed.

4. A deed of general warranty may be good, although it may not contain, technically, the five covenants, which such an instrument usually contains.

5. A reasonable time only, can be allowed to a vendor to execute his part of the contract.

[In equity. Bill by Bronson and Ward against Cahill for specific performance. Bill dismissed.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. Bates, for complainants.
Mr. Stevens, for respondents.

OPINION OF THE COURT. This is a bill for the specific execution of a contract by the vendor. It states that Bronson made an agreement for himself, and as agent for Ward, and by virtue of authority derived from him, to sell to the defendant one hundred and fifty acres of land in Michigan, which is particularly described, for the consideration of eight hundred dollars. And the bill avers that the land is still worth that sum. This agreement was made on the 11th day of June, 1840. That Bronson returned to New York, the place of his residence, and also the residence of Ward, and that about the 28th of July executed a deed, which was acknowledged on the 11th of August ensuing. On the 26th of July, of the same year, they prepared a bond and mortgage on the land, to secure the purchase money. On the 24th of August they inclosed the deed, bond and mortgage, to one Walter Clark, of Michigan, which was delivered to H. H. Comstock, then in New York, but a resident of Michigan, and which was to be delivered to said Clark, on his return, which he promised to do. But the package was not delivered. On the 22d of November, 1840, Walter Clark, as agent of the complainant, tendered the deed, and required the bond and mortgage to be executed. To this bill the defendant filed a general demurrer.

The demurrer admits the facts stated in the bill, and on those facts the question raised must be determined.

That a court of chancery will decree a specific execution of a contract in behalf of the vendor as well as in behalf of the purchaser, will not be questioned. But it must appear, to authorize such a decree, that the contract has been fair, mutual, and that he has offered to convey at least within a reasonable time. On the demurrer the defendant cannot rely on any change in the value of the property, or hardship against the fulfillment of the contract. He can set up nothing that does not appear upon the face of the bill, which is only the lapse of time for a few months, which the complainants allege is reasonably accounted for and covered by an averment in the bill that the land had not deteriorated in value. Under these circumstances, the court will overrule the demurrer, and require the defendant to answer. In this mode we can better reach the equity of the case.

An answer being filed, the cause came again before the court.

It is objected, that there was no mutuality in the contract of purchase, as Bronson did not name his partner, Ward. On reading the agreement, it is obvious that the defendant must have considered himself as dealing only with Bronson, and that he was the sole owner of the land. There is no allegation in the bill, that the interest of Ward in the

premises was made known to the defendant. There was nothing on the face of the agreement which could give the defendant a claim against Ward, for his interest in the land. There was then a want of mutuality in the contract, and this is essential to a decree for a specific execution of the contract. Benedict v. Lynch, 1 Johns. Ch. 370; Parkhurst v. Van Cortlandt, Id. 282; German v. Machin, 6 Paige, 288. By the agreement, a warranty deed was to be given; and it is objected that this deed does not come strictly within that description. The old doctrine of warranty, lineally and collaterally, having in a great degree grown out of use, the inquiry may be made, what is the import of the terms warranty deed? Chancellor Kent (4 Comm. 471) says that "the usual covenants in a deed are five: 1. That the grantor is lawfully seised. 2. That he has good right to convey. 3. That the land is free from incumbrance. 4. That the grantee shall quietly enjoy. 5. That the grantor will warrant and defend the title against all lawful claims." And it is argued that the deed tendered contains but one of these covenants— "that of quiet enjoyment"—the least valuable of all those enumerated, because it is not broken until there is an actual eviction. There may be an outstanding title; there may be a cloud of incumbrances, which would prevent the sale of the land, and yet be no breach of the covenant. The same objection applies to a covenant of warranty. In either case, an actual ouster or eviction is necessary to constitute a breach. We are not prepared to say that a contract to convey by a general warranty deed would not be good, if any one of the covenants named by Chancellor Kent should be omitted.

It is also objected, that the deed tendered is not properly executed and acknowledged. A deed to be recorded in Michigan, when executed in a foreign state or territory, must have attached to it the certificate of the proper county clerk, that it is executed according to the laws of such state or territory. To this deed no such certificate is attached. Laws Mich. 1840, p. 166, § 2.

There is another objection to the deed, that the acknowledgment of the wife of Bronson was not strictly in accordance with the requirements of the statute. The 4th section provides that the certificate of acknowledgment must state that the wife acknowledged that she executed the deed without fear or compulsion of her husband, or any one else. The latter words are omitted in the acknowledgment. It is a well settled principle that a married woman can make a valid conveyance only, in the mode required by statute. The words omitted cannot be considered as surplusage. They are the words used in the statute, and we can readily see that they were intended to secure, by great caution, the voluntary action of a feme covert, in relinquishing her right to real estate. And it is not for the court to say that the legislature have made an unnecessary provision. Upon the whole, we think that the complainants are not entitled to a specific execution of the contract. And in coming to this conclusion, we rely chiefly on the fact, that there was a want of mutuality in the contract, which the complainants ask the court to carry into effect.

The bill must be dismissed, at the costs of the complainants.