Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed by the defendant in error to assert his lien as a vendor of land. The bill states that the complainant made a contract with Allen, in the first place to locate a Chickasaw reservation of one section of land for a stipulated price; but that he afterwards bought one half of the land. The only written evidence of any contract in regard to the land, is the following receipt; “ Received of Micajah Bennett one hundred dollars on account of an interest that I have let said Bennett have in a section of land located in Range 8, east, township 17, and section 17,” executed by Allen.
The bill farther states that the complainant afterwards sold his interest in said land to Allen, and took his note for $1014; and that Allen procured the deed from the Indian in his own name. That the land was afterwards sold by Allen to Burt, and that Burt had notice of the claim of the complainant.
The answer of Allen denies the allegations of the bill. Burt did not answer, and the bill was taken for confessed against him. There is also one deposition, which sustains the allegations of the bill against Allen. Judgment was obtained on the note at law, and the execution returned nulla bona. A decree was rendered by the vice-chancellor for the complainant.
The general principles which govern the lien of the vendor of land for the purchase-money, and. affect his right to relief, *681 have been frequently decided in this court. The lien is usually recognized and enforced, unless circumstances exist which show either an express or implied waiver. See Cloun v. Rawlins et al. MS. But in this case there is a preliminary point. Was Bennett a vendor at all, and if so, of what interest? It is clear that nothing can be subjected to the lien of the vendor, except that which he sold. The only written evidence, that the complainant ever had any title, is entirely indefinite as to the extent of his interest. Whether it was a half or a hundredth of the section is only matter of conjecture. The agreement was too vague to be the foundation of a decree; in directing a sale of half the section, the court cannot know, but that it reaches beyond the interest held by the complainant.
A decree for a specific performance will not be rendered, where the agreement sought to be enforced is .indefinite and uncertain. 1 Smith’s Ch. Pr. 489, notes; German v. Machin, 6 Paige, 288; Colson v. Thompson, 2 Wheat. 336.
Parol evidence to explain or to aid the instrument of writing, was not admissible under the statute of frauds. Pattin v. M'Clure, Mar. & Yerg. 333. It is not admissible to engraft exceptions upon the statute. A bill to enforce a vendor’s lien bears a strong resemblance to a bill of foreclosure, or for a specific performance; neither of which can be sustained, where ■ it is utterly uncertain, what interest was conveyed.
The pro confesso as to Burt cannot afiect Allen. Burt claims under Allen, a.nd can only be reached through him. If, therefore, the complainant has no right to relief against Allen, neither has he any against Burt. The decree as to Allen is erroneous; it follows, the whole must be reversed, and the bill dismissed.
Decree reversed.