A. S. Johnson, J.
The parties to the suits in chancery, mentioned in the arbitration bond on which the present action is brought, were at issue in respect to the claims of some of them to be equitably entitled to have cei tain lands conveyed to them in fee, but there was no controversy between them respecting the legal title to the lands. At the trial the question was presented whether such a conrro *37 versy could be submitted to arbitration under the statute concerning arbitrations. (2 R. S., 541, §§ 1, 2.) Omitting such qualifications as have no bearing upon the question presented, the 1st section provides that all persons may submit to the decision of arbitrators “ any controversy existing between them which might be the subject of an action at law, or of a suit in equity ” except as therein otherwise provided. The exceptions follow in the next section in these terms: “ no such submission shall be made respecting the claim of any person to any estate, in fee or for life, to real estate ; but any claim to an interest for a term of years, or for one year or less in real estate, and controversies respecting the partition of lands between joint tenants, or tenants in common, or concerning the boundaries of lands, or concerning the admeasurement of dower, may be so submitted to arbitration.” The question therefore is as to the meaning of the words “ any estate in fee or for life to real estate,” for no submission can be made respecting the claim of any person to such an estate. These words are the appropriate terms to designate legal title, and of themselves distinguish between it and those interests which from analogy are called equitable estates and titles. Upon an agreement for an estate in fee or for life to or in real estate, no doubt could be entertained that a legal estate alone would answer the requirement. The terms in question originally were only employed to designate legal titles, and when equitable rights afterwards grew up and gained recognition, and were moulded into forms analogous to legal estates, these came to be designated as equitable estates in fee or for life. But the original sense has been preserved as the proper and legal force of the words. The whole title “ Of the nature and qualities of estates in real property ” (1 R. S., 721) makes this entirely manifest.
The question has not heretofore been distinctly and formally determined. In German v. Machin (6 Paige, 290), the chancellor expresses an opinion that an equitable claim to *38 a fee was within the exception. The question, however, was not before him, as the agreement of which he was speaking was not in writing, and so, clearly was not embraced by the provisions of the 1st section. On the other hand, upon a motion to vacate this .award in the supreme court, Bronson, C. J., gave his opinion (after disposing of the motion on other grounds) that the submission in this case was not within the exception in the 2d section.
Prior to the Revised Statutes such claims as existed between these parties might have been submitted and determined by arbitration (Watson on Arb., 62, 63; 3 R. S., 774, note to § 2); but in regard to title to the freehold oi inheritance at an early period it was held, that it could not be determined by arbitrament. That rule was deprived of its efficacy .by its being decided that though the award would not pass the title, yet it would estop the parties. (Doe v. Rosser, 3 East., 15; Sellick v. Addams, 15 John. R., 197.) The object of the statute seems to have been to restore the old rule of the common law, and perhaps to carry out its principle further than the old rule had gone, and at the same time to prevent effectually its evasion. Its policy was to remove from the usually unlearned forum of arbitrators questions of title to estates in land in fee or for life, which perhaps more than any other class of questions depended upon principles of technical learning. These considerations would apply with much less force to controversies in respect to equitable rights to have legal titles, which ordinarily would depend upon broader principles of justice. There was, therefore, reasonable ground in the difference between the two classes of cases, for the adoption of a different policy in each, and to this is probably to be attributed the limitation by the legislature of the exception to questions of legal title.
The judgment should be affirmed.
*39 T. A. Johnson, J.
The action is upon an arbitration bond to recover the sum of $2821, with interest, which the arbitrator under the submission awarded and ordered to be paid by the defendant Wood to the plaintiff.
■ The defence relied upon is, that the submission was void and conferred no jurisdiction upon the arbitrator to hear and determine the matters submitted, and make an award thereon, being contrary to the statute. (2 R. S., 541, § 2.)
This depends upon the nature of the claim submitted The 1st section of the statute on the subject of arbitrations authorizes the submission of any controversy existing between parties, which might be the subject of an action at law, or of a suit in equity, except as therein otherwise provided. The 2d section excepts from the general provision and prohibits a submission, “ respecting the claim of any person to any estate in fee, or for life, to real estate.”
Unless, therefore, the claim in this instance submitted was to an estate of this particular description, the submission was valid, whatever else the estate or interest claimed in the land may have been. The prohibition is limited to claims to these two distinct kinds of estates, and a submission of all other claims to estates or interests in land is valid.
“ The claim,” the submission of which is forbidden, must be construed to mean the allegation upon which issue is taken, the fact or matter put in issue to be tried and which must be determined before an award can be made. The claim to an estate’of any particular description, in lands, is a claim that such estate is in the claimant, and the decision upon it would necessarily determine whether the estate was in the claimant or not. The terms estate in fee, or for life, import legal estates only. They have a precise and deflate legal signification, to which they are to be confined in giving construction to this statute. This was the kind of claim, the submission of which was intended to be forbidden. The object was to prevent a resort to arbitration to deter *40 mine disputed titles to land on principles of public policy. This will be clearly seen by reference to the notes of the revisors. (3 R. S., 2d ed., 774.) The section appears to have been drawn in reference to former decisions of courts upon submissions and awards respecting disputed titles to land, and was intended to embrace the cases which had been most usually presented for adjudication.
What was the nature of the claim here submitted ? Was it to a legal or an equitable estate in the.land ? Clearly the latter. There was no dispute between them as to who had the legal title; that was admitted on both sides.- Nor was it disputed or denied that if the claim made by the parties respectively should be established, each party would be entitled to the particular relief claimed. The relief prayed for was not the subject of controversy, if the principal claim which was put in issue should be established. What was claimed was an equitable title to the lands. •This is what was disputed and put in issue, and which formed the whole gist of the controversy. This claim if established might result in securing to the claimant an estate in fee in the land, and might not. That would depend upon other facts and circumstances, irrespective wholly of the question whether the claim was well founded. Specific performance is never a matter of strict right, but of discretion in the court, although the equity claimed is clearly established.
It is obvious I think that the claim which the statute speaks of is the subject of the controversy and not the relief which the claimant asks, when the matter in controversy is determined in his favor, and which is founded solely upon the truth of the claim asserted. If we were to hold that what the party alleged he.ought to have as his measure of compensation or relief was his claim, and not the issue which the arbitrator was to try and determine, it would follow certainly that the plaintiff’s claim in one aspect was to an estate in fee in the land; because he did claim that *41 the entire legal title to the lands, the equitable title to which only was in dispute, was in Wood, and that by reason of the plaintiff’s equitable title at the time of the conveyance to Wood, the latfer ought to convey two-thirds of the whole to him, or compensate him in damages. In this sense the claim was either to the land or to damages in money. But this cannot be the meaning of the statute. The claim there referred to is the subject of controversy, which the arbitrator will be required to try under the submission. The chancellor, in German v. Machin (6 Paige, 288), seems to have given the same construction to the 2d section as that contended for by the defendant’s counsel. But it will be Seen that no question arose in that case which called for any construction of the statute, and what was said upon the subject is obiter merely. The decision at general term was therefore right and should be affirmed.
Denio, C. J., and Comstock and Hubbard, Js., were also for affirming the judgment. Mitchell, J., dissented. Selden and Wright, Js., took no part in the decision.
Judgment affirmed.