PETER THYGERSON, APPELLANT, v. JOHN C. WHITBECK, AND ANOTHER, RESPONDENTS.

ARBITRATION.—TITLE TO REAL ESTATE.—Under section 1135, Code of Civil Proced., a submission of "certain matters in controversy in relation to the title of a certain piece of land" is invalid, because it was an attempt to submit to arbitration a question as to the legal title to real estate.

APPEAL from a judgment upon demurrer of the district court of the first district. The opinion states the facts.

*Mr. P. H. Emerson,* for appellant.

*Mr. George Sutherland,* for respondents.

ZANE, C. J.:

It appears from the allegations of the complaint filed in this action that the parties entered into a writing by which they agreed to submit to arbitration certain matters in controversy in relation to the title of a certain piece of land, situated in section 9, township 15 S., of range 1 W.; that one Charles Foot should be arbitrator; and that, if either party failed to abide by the award, the party failing should pay the other party $1,000. It further appears from the complaint that, in pursuance of the alleged contract, Foot decided that appellant, Thygerson, should deed to respondents, Whitbeck and Taylor, all the land lying south of what is known as the "Palmer Line," running east on the N. E. ¼ of section 9, in township 15 S., of range 1 W., and in consideration of the same Whitbeck should deed to Thygerson 10 acres of land situated in the N. E. corner of the N. W. ¼ of section 9, in township 15 S., of range 1 W., designated on Ferron's plat by the dark shading; and that Taylor and Whitbeck should pay Thygerson $125. It further appears from the complaint that Thygerson conveyed the land he was to convey by the award, and

that Whitbeck and Taylor accepted it, and paid to Thyger-
son the $125, but that they refused to make the deed to
him required by the award.   This action was brought to
recover the $1,000.   The respondents demurred to the
complaint, on the ground that facts sufficient to constitute
a cause of action were not stated therein.   The court
sustained the demurrer, and the appellant elected to stand
upon his complaint, and the court then dismissed the ac-
tion.   The ruling of the court in sustaining the demurrer
to the complaint the appellant assigns as error.

The respondents take the position that the submission
to arbitration was void, because it was prohibited by sec-
tion 1135, Code Civil Proc., (Laws Utah, 1884,) viz.:
"Persons capable of contracting may submit to arbitra-
tion any controversy which 'might be the subject of a civil
action between them, except a question of title to real
property, in fee or for life.   This qualification does not
include questions relating merely to the partition or
boundaries of real property."   This section provides that
any question that may be made the subject of a civil ac-
tion, except those of title to real property, in fee or for
life, may be submitted to arbitration.   It is urged that the
section only relates to such stipulations as provide that
the award shall be made an order of court.   Section 1137,
Id., provides that "it may be stipulated in the submission
that it be entered as an order of the court;" and section
1140, Id., declares that, "when the submission is made an
order of the court, the award must be filed with the clerk,
and a note thereof made in his register."   These three
sections should be considered together.   When so con-
strued, there is no room to doubt that section 1135, *supra*,
includes (as its language imports) all controversies which
may become the subject of a civil action, except those as
to title to real estate, in fee or for life.

The appellant also insists that the submission was valid
at common law.   Without the exception contained in the
section, the appellant's construction would have been the
correct one; but that section prohibits the submission of
questions of title to real estate, in fee or for life.   It ex-
tends to common law, as well as statutory submissions.

A further question of construction arises on the section under consideration: Do the words "except a question of title to real property, in fee or for life," include an equitable title, as well as a legal title? An equitable title in one person recognizes the legal title as being in another. The equitable title is the right in the party to whom it belongs to have the legal title transferred to him. The terms "title to real property, in fee or for life," must be held to mean a legal title. In the case of *Olcott* v. *Wood,* 14 N. Y., 32, Johnson, J., in a concurring opinion, construing a similar statute, said: "The terms 'estate in fee or for life' import legal estates only. They have a precise and definite legal signification, to which they are to be confined in giving construction to this statute. This was the kind of claim the submission of which was intended to be forbidden. The object was to prevent a resort to arbitration to determine disputed titles to land, on principles of public policy."

The terms used in the submission under consideration are, "certain matters in controversy in relation to the title of a certain piece of land." We must understand from this language that the controversy submitted related to the title of the land. A dispute as to the existence of any fact that might determine the rights of the parties to the land, without trying the legal title, may be submitted to arbitration. In the case of *Spencer* v. *Winselman,* 42 Cal., 479, the court said: "It is not doubted that a party who is the admitted owner of a title in fee to real estate may contract to convey it to another, and that controversy concerning the alleged performance or non-performance of such a contract may be the subject of arbitration under the statute." The controversy submitted to arbitration by the alleged contract declared on related to the title of the land referred to. The contention was about the title; not about a contract with respect to its sale or purchase, or the payment for it, or any such claim as that. When the title to real estate is spoken of without qualifying terms, a legal title is understood as meant. In its ordinary acceptation, the phrase "title of land" is considered to mean the legal title; in that sense it is most reasonable to assume the parties

used the phrase in the alleged submission.   In the case of
*Olcott* v.  *Wood, supra,* the court said: "Prior to the Re-
vised Statutes, such claims as existed between these parties
might have been submitted and determined by arbitration,
(Wats. Arb., 62, 63; 3 Rev. St., 774, note to section 2;)
but, in regard to title to the freehold or inheritance, at an
early period it was held that it could not be determined
by arbitrament.   That rule was deprived of its efficacy by
its being decided that, though the award would not pass
the title, yet it would estop the parties: *Doe* v.  *Rosser,* 3
East, 15; *Sellick* v.  *Addams,* 15 Johns, 197.   The object
of the statute seems to have been to restore the old rule
of the common law, and perhaps to carry out its principle
further than the old rule had gone, and at the same time to
prevent effectually its evasion.   Its policy was to remove
from the usually unlearned forum of arbitrators questions
of titles to estates in land in fee or for life, which, per-
haps more than any other class of questions, depend upon
principles of technical learning.   These considerations
would apply with much less force to controversies in re-
spect to equitable rights than to legal titles, which ordin-
arily would depend upon broader principles of justice."

We are of the opinion that the submission decided on
was invalid, because it was an attempt to submit to arbi-
tration a controversy as to the legal title to real estate,
contrary to the sections of the statute quoted.   If the
submission sued on was void, the fact that the parties
went before the person named as arbitrator, as averred,
and submitted their dispute to him, and he made an award
that was accepted by them, and performed by one party,
and partly performed by the others, would not make
the void contract of submission valid.   Upon a proper
showing, the party who had performed the award might
regain the consideration parted with by him, or its value,
or he might insist upon a specific performance by the
other party.

In the sustaining of the demurrer to the complaint by the
court below we find no error.   The judgment is affirmed.

Henderson, J., and Boreman, J., concurred.