NORRIS v. FOX et al.

(Circuit Court, N. D. Missouri, E. D. March 3, 1891.)

SPECIFIC PERFORMANCE—MUTUALITY OF CONTRACT.

A contract whereby plaintiff agreed to procure a deed to be made to defendant of certain land owned by a third person, in consideration whereof defendant agreed to convey to plaintiff certain other land, is not mutual so far as the remedy for its enforcement is concerned, and cannot be specifically enforced, since plaintiff's agreement to convey land of another cannot be compelled, but only subjects plaintiff to an action for breach thereof.

In Equity.

This is a bill for specific performance of a contract for the exchange of lands. Norris, the complainant, by an agreement in writing dated September 12, 1889, bound himself "to procure a warranty deed conveying * * * to defendant Fox," subject to a certain incumbrance, certain land situated in Butler county, Kan., and "to furnish an abstract showing good title," except as to the incumbrance, in consideration whereof Fox on his part agreed and bound himself "to convey by general warranty deed to W. H. Norris, or any one named by him," certain land situated in Monroe county, Mo. At the time the contract was executed the title to the Kansas land was vested in one J. E. Robbins. Norris subsequently obtained a deed from Robbins and wife to Fox, but the latter refused to accept the same, or comply with the contract, for various reasons unnecessary to be mentioned, whereupon the present bill was filed.

W. O. L. Jewett, for complainant.

Harrison & Mahan and R. P. Giles, for defendants.

THAYER, J., (after stating the facts as above.) Specific performance cannot be enforced in this instance for want of mutuality in the contract, so

far as the remedy for its enforcement is concerned. The rule is fundamental that a contract will not be specifically enforced unless it is obligatory on both parties, nor unless both parties at the time it is executed have the right to resort to equity for its specific enforcement. *Marble Co.* v. *Ripley,* 10 Wall. 340; *Bodine* v. *Glading,* 21 Pa. St. 50; *Duvall* v. *Myers,* 2 Md. Ch. 401; *German* v. *Machin,* 6 Paige, 288; *Boucher* v. *Vanbuskirk,* 2 A. K. Marsh. 345; *Duff* v. *Hopkins,* 33 Fed. Rep. 599–608. And where a contract when executed is not specifically enforceable against one of the parties, he cannot, by subsequent performance of those conditions that could not be specifically enforced, put himself in a position to demand specific enforcement against the other party. *Hope* v. *Hope,* 8 De Gex, M. & G. 731–736; Fry, Spec. Perf. (3d Ed., Amer. Notes,) § 443. In the case at bar the agreement of Norris to procure a warranty deed of land at the time belonging to another, was of that nature that only an action at law would lie for a breach of the agreement. As Fox could not compel specific performance of the contract when made, and only had his remedy at law by a suit for damages, the complainant must resort to the same remedy.

The bill is dismissed, without prejudice to the complainant's right to sue at law.