## JOY v. MIDLAND STATE BANK OF OMAHA, NEB., et al.

Under Civ. Code, § 240, providing that real property within the state is governed by the law of the state except where title is in the United States, title to realty situated in the state could not be conveyed by operation of the law of Nebraska.

The holding of the court on the original hearing that the legal title to land in this state, owned by a foreign corporation, does not pass to a receiver of the corporation appointed by a court of its domicile, without a deed by the corporation to the receiver, withdrawn, and the question left undecided.

Prima facie title shown by occupancy of the land as against those having no title or evidence of claim thereto may be overcome by evidence showing a superior right in one holding a legal or equitable title.

An "equitable title" is the right in the person to whom it belongs to have the legal title transferred to him.

(Opinion filed, November 14, 1911.)

Appeal from Circuit Court, Pennington County; Hon. Levi McGee, Judge.

On rehearing. Former opinion modified and affirmed.

For former opinion, see 26 S. D. 244, 127 N. W. 147.

*Buell & Gardner* and *Hall & Stout,* for appellant *Perkins. Charles W. Brown* and *Kellar & Stanley,* for respondent.

HANEY, J. This is an action to determine adverse claims to real property within this state agreeably to the provisions of chapter 81, Laws 1905, commenced by service of summons by publication, upon the defendant the Midland State Bank, alleged in the complaint to be a corporation created by and existing under the laws of Nebraska, and all persons unknown who have or claim

to have any estate or interest in or lien upon the premises described in the complaint.  After entry of judgment by default adjudging the plaintiff to be the owner in fee and excluding each of the defendants from any estate, right, title, or interest in and to the premises, Julius A. Perkins appearing, the judgment was vacated, he was allowed to defend, and the case was tried by the court upon the complaint alleging title in the plaintiff, and the answer of Perkins alleging title in himself.  The learned trial court decided that the plaintiff was the owner in fee and entitled to possession; that none of the defendants, especially the defendant Perkins, has any estate, right, title, interest, or lien in, to, or upon the premises; and entered judgment accordingly.  Defendant Perkins' application for a new trial having been denied, he alone appealed.

It is contended the evidence does not justify the trial court's decision with respect to the rights of either the respondent or the appellant.  It seems to be conceded that the evidence discloses valid transfers from the United States, through intermediate owners, to the defendant bank; that respondent's rights are based on occupancy and certain tax deeds; and that appellant's rights depend upon a sale of the defendant bank's assets by a receiver appointed by the district court of Nebraska and the deed executed by such receiver.  This court, in its former decision, concluded, in effect, that the respondent is merely in possession under color of title; that the receiver's sale and deed operated to convey the legal title to the appellant; that, whether or not such was the effect of the sale and deed, they operated to invest the appellant with an equitable title which should be recognized and protected in this action; and that the judgment of the circuit court should be reversed with directions to enter judgment in accordance with such decision.  Joy v. Midland State Bank, 26 S. D. 344, 128 N. W. 147.  The tax deeds upon which respondent's claim of ownership rests are clearly not sufficient to invest him with title.  But "occupancy for any period confers a title sufficient against all except the state, and those who have title by prescription, accession, transfer, will or succession."  Rev. Civ. Code, § 897  If appel-

lant has any title, it is by transfer. "Transfer is an act of the parties, or of the law, by which the title to property is conveyed from one living person to another." Id. 915. "Real property within this state is governed by the law of this state, except where the title is in the United States." Id. 240. There was no conveyance by the Midland State Bank to the receiver or to the appellant.

[1] Title could not be conveyed by operation of the law of Nebraska because, the property being realty, its transfer is governed by the law of this state. Hence the legal title remains in the Nebraska corporation, unless the act of the receiver in executing the deed to appellant should be regarded as the act of the corporation itself. No other conclusion is tenable in any jurisdiction, where, as here, real property is governed by the law of its situs.

[2] After re-examining the record and authorities relating to conveyances of real property by foreign receivers, this court is not fully satisfied as to the correctness of its former decision with respect to this phase of the case, and, as a determination of the question is not deemed essential to a proper disposition of the pending appeal, its former decision is so far modified as to leave the question as to whether the legal title was conveyed by the receiver's sale and deed undetermined.

[3] If the respondent was claiming title under a conveyance from the Nebraska corporation a substantially different controversy would be involved. His right to the property depends alone upon occupancy, constituting prima facie evidence of title sufficient as against one who has no title or evidence of right whatever. But such prima facie title or evidence of right may be overcome by evidence disclosing a superior right in one who holds either a legal or equitable title. An equitable title in one person recognizes the legal title as being in another.

[4] An equitable title is "the right in the person to whom it belongs to have the legal title transferred to him." 15 Cyc. 1087; Thygerson v. Whitbeck, 5 Utah, 406, 16 Pac. 403. The legal title was not vested in respondent by operation of his tax

deeds. If it was not vested in appellant by operation of the receiver's sale and deed, it remained in the defendant bank. If the trial court by its decree could transfer the legal title from the bank to the respondent, it could have transferred it from the bank to the appellant. So far as their respective rights in the property described in the complaint are concerned, the bank, the holder of the legal title; the respondent, the grantee of a void tax deed; and the appellant, the grantee of a void receiver's deed assuming it was void—were all in a court having authority under the statute relating to this class of actions and the provisions of the Constitution defining its jurisdiction as a court of equity, to determine and enforce all the rights, legal or equitable, of each. It had authority to quiet title in either party upon such terms and conditions as the circumstances required. It appeared that the appellant had purchased the property for a valuable consideration, at a receiver's sale in Nebraska, under and by virtue of a proceeding initiated by the voluntary action of the owner's board of directors, and that the respondent had purchased it at a tax sale. As stated · in the former decision of this court, the trial court should have decided that respondent's tax deed merely constituted color of title, and, though it may have been right in holding that the receiver's deed did not convey the legal title, it certainly erred in concluding that the appellant was without any right in the property, for the obvious reason that he, as against his codefendant and the respondent, was entitled to a decree investing him with the complete title. And this is so without reference to the laws of Nebraska. Under the laws of this state the bank would be estopped by its conduct, as shown by the evidence in this case, from asserting title as against the appellant. If the respondent, as he should, recovers what he has expended in taxes and improvements, and the appellant secures the property, neither will be injured; while, on the other hand, if the land be awarded to the respondent, the appellant will lose whatever sum its purchase cost him. Certainly a court of equity in this state has power to avoid such manifest injustice without invoking the operation of the laws of a sister state. However, as the facts upon which these conclusions are based, though disclosed by the evidence, are not all found by the

trial court, and the evidence might not be the same on another trial, the judgment of the circuit court should merely be reversed, without directions to enter a judgment.

Except as modified herein, the views expressed in the former decision of this court are adhered to, and the judgment and order appealed from are reversed.

WHITING, J. Being fully satisfied with the correctness of the views of this court as expressed in its former decision, I would adhere to such decision, except that I believe it should be modified to the extent of merely reversing the judgment and order appealed from.