

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. V. C. Marshall, Chairman
State Soil Conservation Board
Professional Building
Temple, Texas

Dear Sir:

Opinion No. O-1204
Re: Meaning of equitable title as referred
to in Section 3, § 12, of H.B. 20, State
Soil Conservation Act.

We are in receipt of your letters of July 27
and July 31, 1939, requesting an opinion on the follow-
ing questions:

"Please advise us as to what constitutes
equitable title, as referred to in Section 3,
§ 12 (of House Bill No. 20, the State Soil Con-
servation Act)?" (Parenthetical insertion
ours).

Subsection 12 of Section 3 of House Bill No. 20
reads as follows:

"'Landowner' or 'owner of land lying out-
side of incorporated cities and towns' includes
any person who holds legal or equitable title
of any lands lying within a Soil Conservation
District organized under the provisions of this
Act and who is a duly qualified voter within
such District". (Underscoring ours).

One of the earliest definitions of "equitable
title" to be found in the decisions of Texas Courts
is that of the Supreme Court in Hill v. Moore, 62 Tex-
as, p. 610, which is as follows:

"* * * an equitable title; by which is
meant any right in land inferior to the legal

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

title , such as a court of equity, as distinguished from a court of law, in the exercise of its well recognized powers would enforce."

In the case of Tanner v. Imle, et al, 233 S.W. 665, the Court of Civil Appeals of San Antonio adopted the following opinion of "equitable title":

"An 'equitable title' is not a title, but is a mere right in the party to whom it belongs to have the legal title transferred to him." (Thygerson v. Whitbeck, 5 Utah 406, 16 Pac. 403, 404).

Texas Jurisprudence, Volume 41, on page 470, follows the Supreme Court definition in Hill v. Moore, supra.

It is a well recognized principle of law that the action of trespass to try title may be maintained by one who has only an equitable title or interest in land. See 41 Tex. Jur., p. 470, in cases cited in footnote 2.

It is our opinion that "equitable title" as referred to in Section 3, § 12 of House Bill No. 20, means a title based on a right in the possessor thereof to have the legal title transferred to him. As an illustration we cite the equitable title established by an instrument which is apparently a deed of trust but was intended to operate as a mortgage, or again an instrument creating a trust. Mortgages and deeds of trust create equitable titles. It is impossible to enumerate every type of equitable title. Persons who own equitable titles and seek to qualify as a "landowner" under subsection 12 of Section 3 of House Bill No. 20, will have to plead the equities upon which reliance is placed and satisfy the voting officials and the State Soil Conservation Board as to their titles before they are eligible to vote. We are calling your attention in this respect to subdivision D of Section 5 of the Act, dealing with the creation of soil conservation districts. It reads:

"The Board shall pay all expenses for the issuance of such notices and the conduct of such hearings and elections, and shall supervise the conduct of such hearings and elections. It shall issue appropriate regulations governing the conduct of such hearings and elections, and providing for the registration prior to the date of the election of all eligible voters. All such elections held under the provisions of this Act shall be in conformity with the general election laws of this state, except as herein otherwise provided, and except that the ballot shall not be numbered or marked for identification purposes." (Underscoring ours.)

Trusting that we have answered your inquiry satisfactorily, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) Dick Stout
        Dick Stout
        Assistant

DS:OB

APPROVED AUG. 9, 1939
(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
By R. W. F.
Chairman