Samuel W. Eager, J.
We have here an application by petitioner to stay proceedings by respondent for arbitration of disputes arising under a contract for the sale to petitioner of all of the outstanding stock of a corporation which owned and operated a hotel or motel and bar and a restaurant. The peti *580 tioner obtained an order, dated January 25, 1960, signed by a Justice of this court other than the undersigned, directing the respondent to show cause at a Special Term, Poughkeepsie, New York, on March 14, 1960, why an order should not be granted staying arbitration, the said order providing that all proceedings for arbitration be stayed until determination of the application. The respondent now moves at a Special Term of this court to vacate the stay of the arbitration proceeding granted in said order of January 25, 1960, and “ directing that this matter proceed in arbitration in accordance with the demand for arbitration dated January 14, 1960, and for such other and further relief as may be just and proper.”
The motion by respondent is granted to the extent that the return day of the petitioner’s application to stay arbitration is advanced to the return day of the motion by respondent, and the application for a stay of arbitration is now considered on the merits. It was unusual, to say the least, for the petitioner to make his application on January 25, 1960, and not seek to have it returnable for more than a month and a half later, that is, bearing in mind that there were in the meantime many Special Terms scheduled in the Ninth Judicial District at which the application could have been noticed. It is to be noted that the Justice signing the order was not available, so that respondent could apply to him for modification of his order to show cause so as to vacate the stay and advance the return day; and it is deemed proper, therefore, that the respondent move for relief at a Special Term held by another Justice. The order to show cause was granted ex parte; and the undersigned, sitting at Special Term, has the right, under the circumstances here, to modify it to the extent necessary to advance the return day of the application and to vacate the interim stay. It is settled that “ an ex parte motion which has been granted by a judge out of court may be vacated or modified not only by the judge who made it, but, upon notice, by the court, although the judge presiding may be another person from the one making the order.” (1 Carmody-Wait, New York Practice, p. 720, § 130.)
Under the circumstances, the petitioner’s application to stay arbitration may, at this time, be properly considered on the merits. The respondent opposes the application upon the undisputed facts as they appear in the petition, exhibits, and the affidavits now submitted. The contract contains an unequivocal agreement for the determination by arbitration of ‘ ‘ any and all disputes between the parties arising under this agreement,” with provision that the same shall be determined “ in the City of New York before the American Arbitration Association in *581 accordance with its rules then obtaining.” A written demand in behalf of respondent for arbitration, dated January 14, 1960, was served upon the petitioner. He, however, contends that the demand served upon him was ineffective in that it was not signed by the respondent personally, but signed by her attorney, who is an attorney at law practicing in Connecticut. It appears that such attorney was duly authorized to make the demand. Furthermore, it appears that the Rules of the American Arbitration Association provide that the demand for arbitration may be signed by an authorized person, and that a demand signed and filed by an attorney for the demanding party is acceptable to it. It is to be further noted that the respondent on her motion now made affirmatively asks that this matter “ proceed in arbitration in accordance with the said demand for arbitration dated January 14,1960 ”, and thus ratifies the demand and now does demand that petitioner comply with his agreement. Under all the circumstances, it is readily concluded that the failure of respondent to personally sign the demand for arbitration is immaterial.
The petitioner further contends that arbitration will not lie because an estate in or title to real property is involved. This contention, however, is also overruled. The contract here was primarily for the sale of the stock of a corporation. It is true that incidentally involved are the assets of the corporation, and included within such assets is certain real property, the title to which is questioned by petitioner. However, the disputes here are primarily concerned with the rights and obligations of the parties under their contract, and, in determining such disputes, the arbitrators will not have the authority to actually determine the title to real property as between the parties, or to pass upon the claim of one or the other to an estate in such property. It is concluded that there is not here such a controversy respecting the claim to an estate in real property, in fee or for life, within the meaning of provisions of subdivision 2 of section 1448 of the Civil Practice Act as would bar arbitration. (See Olcott v. Wood, 14 N. Y. 32.)